UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DE'ANGELO DEXTER,

    Petitioner,                                       Case No. 15-13509

v.                                                  HON. AVERN COHN

JOSEPH BARRETT,[1]

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Robert De'Angelo Dexter, (Petitioner), a state prisoner, filed a pro se petition challenging his conviction for prisoner in possession of a weapon, M.C.L. § 800.283(4). Respondent, through the Attorney General's Office, filed a response contending that Petitioner's claims are meritless and/or procedurally defaulted. For the reasons that follow, the petition will be denied.

II. Background

The material facts leading to Petitioner's conviction are recited from the Michigan Court of Appeals' opinion affirming his conviction and they are presumed correct on habeas review. See 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413

---

[1]The caption has been amended to reflect the warden where Petitioner is currently incarcerated.

(6th Cir. 2009):

> Defendant is a prisoner at the Cooper Street facility in Jackson. During a search of his person, a prison guard discovered that defendant had concealed a shank in his pocket.

People v. Dexter, 2014 WL 4215091, at *1.

Petitioner was convicted of the above offense following a jury trial during which he represented himself. The Michigan Court of Appeals affirmed his conviction. People v. Dexter, 2014 WL 4215091 (Mich. Ct. App. Aug. 26, 2014). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, in which he appears to have raised the same claims that he raised in his appeal of right before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Dexter, 497 Mich. 1027, (2015). Thereafter, Petitioner filed a habeas petition presenting the following claims:

> I. A valid waiver of defendant Dexter (sic) 6th Amendment right to counsel was never effectuated by trial court.
>
> II. Jurisdiction was never aquired (sic) by magistrate to issue an arrest warrant.
>
> III. The arrest warrant that was issued was based solely on a conclusory complaint form violating defendants (sic) 4 and 14th Amend.
>
> IV. The arrest warrant was based upon a conclusory complaint form that is devoid of probable cause pursuant to MCL 780.653; 4 & 14th Con Amendment.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

> merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. A

habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

## IV. Petitioner's Claims

### A. Waiver of Right to Counsel

Petitioner first claims that there was not a valid waiver of counsel both at the district court during his preliminary examination and also at the circuit court level at trial. Respondent contends that the part of Petitioner's first claim challenging the waiver in the state district court is procedurally defaulted and Petitioner's claim challenging the waiver at the circuit court lacks merit.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend VI. The "plain wording of this guarantee thus encompasses counsel's assistance whenever necessary to assure a meaningful 'defense.'"United States v. Wade, 388 U.S. 218, 225 (1967). A criminal defendant has the right to the advice of counsel at "any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." Id. at 226.

#### 1. District Court Waiver

The Michigan Court of Appeals found that Petitioner abandoned his waiver of counsel claim in the district court, because he failed to provide them with a transcript from the video conference in which he initially waived his right to counsel. The court of

appeals explained:

> Moreover, defendant failed to provide the transcripts from the district court hearing, and he specifically indicated that he is not appealing any issue related to the district court hearing. "Because defendant has failed to provide this Court with a transcript of all pretrial proceedings, we have no record to review this claimed error and thus consider it abandoned on appeal." People v. Thompson, 193 Mich. App 58, 61; 483 NW2d 428 (1992). Thus, defendant has abandoned any claim pertaining to his initial waiver of counsel. Id. (p.2, n.1).

People v. Dexter, 2014 WL 4215091 at *2, n.1.

A procedural default carries over into federal court if (1) the petitioner failed to comply with a state procedural rule, (2) the state court enforced the rule in this case, and (3) the rule is adequate and independent. Willis v. Smith, 785 F.3d 135, 138 (6th Cir. 2003).

Here, Petitioner proceeded pro se and obtained (before trial) the April 10, 2012, warrant-swearing transcript and the May 7, 2012, video-arraignment transcript, to pursue his arrest warrant issue. Yet, he never explained why he did not provide the state courts with the July 13, 2012, video-conference transcript, in support of his waiver of counsel claim. Thus, the Court agrees with Respondent that the first portion of petitioner's waiver of counsel claim – regarding the alleged improper waiver in the district court – is procedurally defaulted.

Even if defaulted, the Court can consider Petitioner's claim if he demonstrates "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or that the failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). If Petitioner cannot

5

show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986).

Here, Petitioner has not alleged any cause for failing to provide the Michigan Court of Appeals with a copy of the video-conference transcript, thus, it is unnecessary to reach the prejudice issue regarding this portion of his first claim. Smith, 477 U.S. at 533.

Petitioner has also not established that a fundamental miscarriage of justice has occurred such that it should review his claim. Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review Petitioner's claim regarding his waiver in the district court.

Finally, even if Petitioner could overcome his default, he would be unable to show prejudice because, it did not affect the validity of his waiver of counsel in the circuit court. The Supreme Court has held that in cases where a criminal defendant has been denied counsel at a preliminary hearing, "the test to be applied is whether the denial of counsel ... was harmless error." Coleman v. Alabama, 399 U.S. 1, 11 (1970)(citations omitted); see also Adams v. Illinois, 405 U.S. 278, 282-83 (1972)("the lack of counsel at a preliminary hearing involves less danger to 'the integrity of the truth-determining process at trial' than the omission of counsel at the trial itself or on appeal.")(internal quotation omitted). Petitioner has not explained how he was prejudiced by having to represent himself at the preliminary examination.

Overall, Petitioner is not entitled to relief on his claim challenging the waiver of his right to counsel before the district court.

2. Circuit Court Waiver

Petitioner also challenges his waiver of counsel at the circuit court level.

The Michigan Court of Appeals rejected this claim as follows:

> Here, defendant claims that the circuit court erred when it allowed him to proceed pro se without first finding the factors mentioned in Anderson.[2] But defendant's initial waiver occurred in district court. Nothing in the record indicates the circuit court felt defendant no longer understood the consequences of his pro se representation. It was therefore not required to repeat the "litany" of findings mentioned in Anderson. Lane, 453 Mich. at 137–138.[3]
>
> In any event, even if the trial court made such an error, defendant failed to show it affected his substantial rights. People v. Carines, 460 Mich. 750, 763–764; 597 NW2d 130 (1999). The evidence overwhelmingly established that defendant, while in prison, possessed a sharpened piece of metal wire that was approximately seven inches long. Defendant admitted that the piece of metal had the potential to be a weapon and that it was in his pocket. An officer testified that this type of weapon was commonly used to stab other inmates.2 Accordingly, defendant has not shown that any supposed error affected his substantial rights

People v. Dexter, 2014 WL 4215091, at *1 (Mich. Ct. App. Aug. 26, 2014).

The Supreme Court has held that a waiver of the Sixth Amendment right to counsel is valid only when it reflects "an intentional relinquishment or abandonment of a known right or privilege." Patterson v. Illinois, 487 U.S. 285, 292 (1988)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). A defendant's waiver of his right to counsel must "be knowing, voluntary, and intelligent." Iowa v. Tovar, 541 U.S. 77, 88 (2004). The waiver must be "done with sufficient awareness of the relevant circumstances." Id. at 81 (internal quotation

---

[2]People v. Anderson, 398 Mich. 361 (1976)

[3]People v. Lane, 453 Mich. 132 (1996).

marks omitted). It is the criminal defendant's burden to prove that he "did not competently and intelligently waive" his right to the assistance of counsel. Id. at 92.

Before a defendant waives his right to counsel, he "should be made aware of the dangers and disadvantages of self-representation," so that the record establishes that the defendant knows what he "'is doing and his choice is made with eyes open.'" Faretta v. California, 422 U.S. 806, 835 (1975)(quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). The Supreme Court, however, has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." Tovar, 541 U.S. at 88. The information that a criminal defendant must have in order to make an intelligent election "will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." Id.

Petitioner says that his waiver of counsel at the circuit court level was not knowing and voluntary because he was not warned of the dangers of self-representation. The record does not support Petitioner's claim. Prior to trial, the prosecutor indicated that Petitioner had previously waived his right to counsel but asked the circuit court to again ascertain whether Petitioner wanted to freely and voluntarily waive his right to counsel. The prosecutor, in the presence of Petitioner, also asked the circuit court to inform Petitioner that as an indigent defendant, he had the right to have counsel appointed to represent him, if he chose. The circuit court then asked Petitioner if he wished to represent himself at trial, to which Petitioner responded affirmatively.

The circuit court noted that Petitioner had stand-by counsel to assist him and explained to Petitioner that he had the right to have counsel take over and represent Petitioner, if Petitioner so chose. Petitioner indicated that he freely and voluntarily chose to represent himself as his own attorney. (T. 2/4/2013, pp.38-39). Based on the record, the Michigan Court of Appeals reasonably concluded that Petitioner knowingly and voluntarily waived his right to counsel.[4]

Overall, Petitioner is not entitled to habeas relief on his claim that he did not properly waive his right to counsel before the circuit court.

## B. Arrest Warrant

The Court will consolidate Petitioner's second, third, and fourth claims because they all challenge to the arrest warrant. In his second claim, Petitioner says that the magistrate did not have jurisdiction to issue an arrest warrant because it was based on a conclusory complaint form and lacked probable cause.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976); see also Daniel v. McQuiggin, 678

---

[4]Moreover, Petitioner has not presented any evidence to either the Michigan courts or to this Court to show that the initial waiver of counsel in district court was invalid. A valid waiver of counsel "remains in effect at subsequent proceedings in the absence of an explicit revocation by the defendant or a change of circumstances that would suggest that the [trial] court should make a renewed inquiry of the defendant." United States v. McBride, 362 F.3d 360, 367 (6th Cir. 2004). Although the circuit court reaffirmed that Petitioner chose to represent himself, it was unnecessary as there is no indication that Petitioner revoked his earlier waiver of counsel.

9

F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." Strunk v. Martin, 27 F. Appx 473, 475 (6th Cir. 2001).

Thus, Petitioner's claim that the magistrate lacked jurisdiction over his state criminal case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review.

In his third and fourth claims, Petitioner essentially says that the warrant was defective. The Michigan Court of Appeals rejected Petitioner's claim as follows:

> Defendant's claim that his arrest warrant was defective has no merit whatsoever. "[W]hen an invalid arrest warrant is obtained, the question becomes whether the officer had probable cause to arrest." People v. Mayberry, 52 Mich.App 450, 451; 217 NW2d 420 (1974). "In order to lawfully arrest a person without a warrant, a police officer must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant committed it." People v. Cohen, 294 Mich.App 70, 74–75; 816 NW2d 474 (2011) (citation omitted). Here, at the time the warrant was issued, the police had ample probable cause to arrest defendant. "Since the police had probable cause to arrest in the instant case, defendant's allegation of error is without merit." Mayberry, 52 Mich.App at 451

Dexter, at *2 n.3.

Habeas review of a Petitioner's arrest is barred so long as the state provides a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone v. Powell, 428 U.S. 465, 494-95 (1976); Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000). In for such an opportunity to have existed, the state must provide, in the

10

abstract, a mechanism by which the petitioner could raise the claim, and presentation of the Fourth Amendment claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982). The sole relevant question is whether a habeas petitioner had an opportunity to litigate his claims, not whether he actually did so or even whether the Fourth Amendment claim was correctly decided. See Wynne v. Renico, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Under Stone, the correctness of a state court's conclusions involving a Fourth Amendment claim "is simply irrelevant." See Brown v. Berghuis, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).

Here, Petitioner raised his Fourth Amendment claim before the Michigan Court of Appeals. Thus, he had a full and fair opportunity to litigate his claim in state court. As such, Petitioner cannot seek habeas relief on this claim. See Rashad v. Lafler, 675 F.3d 564, 570 (6th Cir. 2012); Lovely v. Jackson, 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004).

V. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[5] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This case is DISMISSED.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018
Detroit, Michigan

---

[5] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

12